# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DANIEL L. ROGALA,

        Petitioner,                  Case Number: 04-70928

v.                                    HON. JOHN CORBETT O'MEARA

JOHN CASON,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION FOR CERTIFICATE OF APPEALABILITY

Petitioner Daniel L. Rogala filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On March 29, 2005, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Now before the Court is Petitioner's Motion for Certificate of Appealability.

Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C. § § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the petition is dismissed on procedural grounds, the petitioner must show "that reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Id. (quoting Barefoot v. Estelle, 463 U.S. 890, 898 n.4 (1983)).

In his first claim for habeas corpus relief, Petitioner claimed that the prosecutor presented insufficient evidence to establish his guilt beyond a reasonable doubt. The Michigan Court of Appeals, applying the standard articulated by the Supreme Court in Jackson v. Virginia, 443 U.S. 307 (1979), held that the slate of witnesses presented by the prosecution presented evidence sufficient to convict Petitioner. This Court concluded that the state court of appeals' decision that all of the elements of the crimes were satisfied did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In his second claim for habeas corpus relief, Petitioner alleged that trial counsel was ineffective in failing to present crucial defense evidence and object to prosecutorial misconduct. First, Petitioner alleged that defense counsel should have cross-examined prosecution witnesses regarding their inability to identify Petitioner as the robber. The Michigan Court of Appeals, the last state court to issue a reasoned opinion regarding this claim, held that Petitioner failed to overcome the presumption that his attorney's conduct was the result of sound trial strategy and failed to show that he was prejudiced by his attorney's conduct. People v. Rogala, No. 224941, slip op. at 3 (Mich. Ct. App. June 25, 2002). This Court's review of the trial court transcript showed that defense counsel did

cross-examine key prosecution witnesses regarding their inability to identify Petitioner. Petitioner failed to identify additional questions defense counsel should have asked. The Court, therefore, held that the state court's decision that Petitioner's attorney was not ineffective in this regard was not contrary to or an unreasonable application of Supreme Court precedent.

Second, Petitioner argued that his attorney was ineffective in failing to object to the following instances of alleged prosecutorial misconduct: (i) prosecutor accused Petitioner of calling certain witnesses liars; (ii) prosecutor elicited testimony from Gary Janice that Petitioner was "scary looking;" and (iii) prosecutor introduced Petitioner's BB gun as demonstrative evidence.

The Michigan Court of Appeals held that the prosecutor acted improperly in asking Petitioner to comment on the credibility of certain prosecution witnesses. The state court concluded, however, that Petitioner failed to show that his attorney's failure to object rose to the level of ineffective assistance of counsel because Petitioner was not prejudiced by the error. Rogala, slip op. at 4. The Court agreed that counsel's error was not so serious as to deprive Petitioner of a fair trial.

The Michigan Court of Appeals held that the prosecutor's questions to Gary Janice regarding whether he was frightened of Petitioner were proper because "the witness' concern or fear might have affected his perception and memory." Id. Thus, Petitioner failed to establish that his attorney was ineffective in failing to object to proper prosecutorial questions.

Finally, Petitioner claimed that his attorney should have objected to the admission of his BB gun as a demonstrative exhibit. Even assuming that counsel should have objected, the Court held that, given the strength of the evidence against him, Petitioner failed to show that he was prejudiced by the admission of this evidence as a demonstrative exhibit.

The Court finds that jurists of reason would not find the Court's assessment of the foregoing claims to be debatable or wrong. *See* Slack, 120 S. Ct. at 1604. Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED**.

        s/John Corbett O'Meara
        John Corbett O'Meara
        United States District Judge

Dated: May 5, 2005